IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:08-CV-0526-L-BK |
| GARY L. McDUFF, et al., | § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 70, Defendant's *Motion to Set Aside Void Judgment for Defective Service of Process*, Doc. 61, has been referred to the undersigned for a recommendation. For the reasons that follow, Defendant's motion should be **DENIED**.

**I. BACKGROUND**

In March 2008, the Securities and Exchange Commission ("Plaintiff") brought this action against Gary L. McDuff ("Defendant"), Gary L. Lancaster, and Robert T. Reese for violations of federal securities law. Doc. 1. Pursuant to settlement agreements, both Lancaster and Reese consented to entry of final judgment and were dismissed from the Complaint. Doc. 7; Doc. 8. Defendant, however, fled to Mexico, where he avoided service of process and filed over a dozen pleadings in this case,[1] until he was arrested on related criminal charges and returned to the United States in May 2012. Doc. 28 at 1-3. At that time, this case, which had since been administratively closed, was reopened, and summons was reissued on August 21, 2012. Doc. 32;

---

[1] Defendant's numerous filings included notices of his refusal to accept service of process, Docs. 9-13; and "Notice of Default in Dishonor – Consent to Judgment," Doc. 23.

Doc. 33 at 2. Two days later, Defendant was served at Fannin County Jail in Bonham, Texas, where he was being held. Doc. 34 at 1.

After Defendant failed to timely file an answer or other responsive pleading, the Clerk of Court entered default against him on September 24, 2012. Doc. 38. Subsequently, on February 19, 2013, Plaintiff moved for default judgment. Doc. 39. Upon finding that Defendant was properly served with summons and complaint and had failed to file an answer or otherwise defend, the Court granted a default judgment against Defendant on February 22, 2013. Doc. 40; Doc. 41. Since then, Defendant has unsuccessfully sought to have his judgment vacated in two post-judgment motions.[2] Doc. 42; Doc. 52. Defendant now seeks relief in a third, *pro se*, post-judgment motion, Doc. 61, which the Court liberally construes as a request for relief under Federal Rule of Civil Procedure 60(b)(4). *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4).") (citation omitted).

Defendant alleges that the default judgment against him is void because (1) he was not personally served with the summons and complaint, and (2) the person who attempted to serve him, Ralph Freeman, was not an authorized process server. Doc. 62 at 1-2; Doc. 63 at 2. Specifically, Defendant states that on the day he was visited by Freeman, he remained 12 feet from the interview booths, thereby preventing Freeman from personally serving him. Doc. 62 at

---

[2] On August 1, 2016, the Court of Appeals for the Fifth Circuit reinstated Defendant's appeal of the Court's April 7, 2016, Order denying his Motion to Alter Judgment. Doc. 59; Doc. 60; Doc. 68. However, this Court retains jurisdiction to consider or deny a Rule 60(b) motion filed more than ten days after the entry of judgment. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (citation omitted).

2

1-2. Defendant avers that, later, an officer at the jail left the summons and complaint in his cell, in contravention of the federal rules of procedure. Doc. 62 at 2.

In response, Plaintiff contends that Freeman did personally serve Defendant with process and was qualified to do so. Doc. 65 at 7. Specifically, Plaintiff introduces Freeman's testimony in which he avers that when he visited the jail, he handed the summons and complaint to Defendant, that defendant picked up the summons and complaint, and that Defendant, upon realizing what the documents were, attempted to discard them. Doc. 66 at 5-6 . Further, Plaintiff argues that given the three years that have elapsed since default judgment was entered and Defendant's habit of filing forged court documents,[3] his self-serving affidavit cannot be deemed credible. Doc. 65 at 8-9.

## II. APPLICABLE LAW

The Federal Rules authorize a court to relieve a party from a final judgment if the judgment is void. *See* FED. R. CIV. P. 60(b)(4). Such relief is warranted in the rare instance that a jurisdictional error or violation of due process deprives the party of notice or the opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Given the importance of the interests it protects, a Rule 60(b)(4) motion is subject to neither time limits, nor the doctrine of laches. *See Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) ("the mere passage of time cannot convert an absolutely void judgment into a valid one."). Thus, if a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is

---

[3] Plaintiff advises that in a prior criminal proceeding, Defendant attempted to have his charges dropped by filing a fraudulent pleading entitled "Government's Motion to Dismiss Superseding Indictment," complete with the forged signature of then-Attorney General of the United States, Eric Holder. Doc. 65 at 9. Additionally, in the present case Defendant filed a fake judgment from a non-existent Arizona court, attempting to trick the Court into believing he had already litigated and resolved the underlying issues with Plaintiff in Arizona. Doc. 31.

void and the district court must set it aside. *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014) (internal quotation marks omitted).

When the validity of service of process has been challenged, the plaintiff bears the burden of establishing its validity. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Generally, a signed return of service constitutes prima facie evidence of the manner in which service was effected. *McGowan v. Johnson*, No. 15-CV-1640-M, 2016 WL 4468097, at *3 (N.D. Tex. Aug. 1, 2016) (Ramirez, J.); *see also People's United Equip. Fin. Corp. v. Hartman*, 447 Fed. App'x 522, 524 (5th Cir. 2011) (prima facie evidence of service can only be overcome by "strong and convincing" evidence).

Federal Rule 4(e) provides that an individual in a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Similarly, Texas allows for personal service, provided the process server is certified in accordance with Texas Rule of Civil Procedure 103(a). TEX. R. CIV. P. 106(a).

### III.  DISCUSSION

As a preliminary matter, Defendant's lengthy delay in bringing this motion does not prejudice him, since "the mere passage of time cannot convert an absolutely void judgment into a valid one." *Jackson*, 302 F.3d at 523.  That notwithstanding, Plaintiff has met its burden of demonstrating that service was proper.  Plaintiff has submitted a copy of a return of service form, signed by Freeman under penalty of perjury, stating that he "personally served" Defendant.  Doc. 66 at 25.  This alone constitutes prima facie evidence that Defendant was personally served in accordance with Rule 4(e).  *McGowan*, 2016 WL 4468097, at *3.  Additionally, Freeman avers in his sworn affidavit that he personally served Defendant.  Doc. 66 at 6.

Conversely, Defendant's proof—affidavits of himself and Jeffery Stephen Coffman— falls far short of the "strong and convincing" evidence required to overcome prima facie evidence of service.  *People's United,* 447 Fed. App'x at 524.  Defendant's averment that he was not personally served by Freeman contradicts his second post-judgment motion for relief, in which he admits in multiple documents to having been served by the government.  Doc. 53 at 2; Doc. 57 at 1.  And while Defendant appears to use Coffman's affidavit to advance his argument that service was improper because Freeman was not a certified process server, Doc. 63 at 2, there is no requirement that one be certified to properly effectuate service in federal court.  *See* FED. R. CIV. P. 4(c)(2) ("*Any person* who is at least 18 years old and not a party may serve a summons and complaint.") (emphasis added).  Even if such a requirement existed, Plaintiff has shown that Freeman was indeed certified as a process server by the Supreme Court of Texas at the time he served Defendant.  Doc. 66 at 13-15.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Defendant was properly served under Rule 4(e); thus, the default judgment entered against him is not void. Accordingly, Defendant's *Motion to Set Aside Void Judgment for Defective Service of Process* should be **DENIED**.

**SO RECOMMENDED** on September 20, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE