IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:08-CV-0526-L** (USCA No. 16-10691) |
| **GARY L. McDUFF,** *et al.*, | § § § | |
| Defendants. | § | |

# ORDER

Before the court is Defendant Gary L. McDuff's ("Defendant") Application to Proceed Without Prepayment of Fees on appeal ("Application") (Doc. 69), filed July 27, 2016. On August 17, 2016, United States Magistrate Judge Renée Harris Toliver entered her Recommendation regarding Defendant's request to proceed *in forma pauperis* on appeal, recommending that the court deny Defendant's Application. No objections to the Recommendation were filed.

Having reviewed the Application, file, and record in this case, and Recommendation of the magistrate judge, to which no objection was made, the court determines that the Recommendation of the magistrate judge is correct, and **accepts** it as that of the court. Accordingly, the court **denies** Defendant's Application (Doc. 69) and **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this determination, the court accepts and incorporates by reference Document Nos. 40, 41, 51, and 59 entered in this case and **concludes** that the appeal presents no legal points of arguable merit and is, therefore, frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997).

Although this court has certified that the appeal is not taken in good faith, Defendant may challenge this finding pursuant to *Baugh v. Taylor* by filing a separate motion to proceed *in*

*forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if Defendant moves to proceed *in forma pauperis* on appeal, the prison authorities **shall** collect the fees as calculated in this order as follows: Defendant is assessed an initial partial fee of **$11**. The agency having custody of Defendant **shall** collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. *See* 28 U.S.C. § 1915(b)(1). Thereafter, Defendant **shall** pay **$494**, the balance of the filing fee, in periodic installments. Defendant is required to make payments of **20%** of the preceding month's income credited to Defendant's prison account until he has paid the total filing fee of $505. The agency having custody of Defendant shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward the funds to the clerk of the district court.

Further, if Defendant moves to proceed *in forma pauperis* on appeal, the clerk **shall** transmit a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**It is so ordered** this 5th day of October, 2016.

Sam A. Lindsay
United States District Judge